```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

BACKARI MACKEY, NO. 21282-001                               PETITIONER

VERSUS                    CIVIL ACTION NO. 5:09-cv-00090-DCB-MTP

FEDERAL BUREAU OF PRISONS and
BRUCE PEARSON, Warden                                      RESPONDENTS

**ORDER**

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of December 9th, 2009 [docket entry no. 13]. Therein, Judge Parker recommends that the *pro se* petition of Backari Mackey for writ of habeas corpus under 28 U.S.C. § 2241 be denied and dismissed with prejudice. Petitioner also filed a Notice of Appeal, which the Court construes as a Motion for Leave to Appeal [docket entry no. 15] on May 24, 2010. Having reviewed the Petitioner's Motion, the Report and Recommendation, the Petitioner's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner, currently in custody at the Federal Correctional Complex in Yazoo City, Mississippi, filed a claim under 28 U.S.C. § 2231 challenging the findings and procedures of a disciplinary hearing which found that Petitioner had used marijuana and imposed sanctions on him. Petitioner was found guilty after

providing a urine sample to an Officer at the prison which tested positive for the drug. With respect to the procedures followed by the prison in the hearing, Judge Parker found that Petitioner received due process because he received: (1) at least 24 hours advance written notice of the charges; (2) and opportunity to present documentary evidence and testimony from witnesses; (3) help from other inmates or staff, if needed; and (4) a written statement of the evidence relied on and the reason for disciplinary action. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-70 (1974).

Petitioner now objects to the Report and Recommendation, again challenging certain of the procedures applied in his disciplinary hearing and appeals process. Petitioner primarily objects to the fact that he was not given a copy of the "lab slip" prior to the disciplinary hearing and thus alleges that he was denied the opportunity to present evidence that the urine sample was mailed to the lab for testing more than 72 hours after collection, in violation of administrative regulations. Even if it were true that Petitioner was not provided a copy of the lab report prior to the hearing, the Discipline Hearing Officer Report indicates that the hearing officer relied on the lab report in finding Petitioner guilty of using marijuana and thus Petitioner was not prejudiced by failing to receive a copy of it

prior to the hearing.  Indded, the Petitioner has not indicated what evidence he might have introduced to dispute the lab findings if he had known that the sample was mailed to the lab more than 72 hours after collection.  The Court agrees with the Report and Recommendation that Petitioner was afforded all of the protections to which he is entitled under Wolff, 418 U.S. at 563-70.

With respect to the finding that Petitioner had used marijuana, due process is satisfied in prison disciplinary hearings as long as there is "some evidence" that the inmate committed the offense in question. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455 (1985). Judge Parker held that the disciplinary hearing conclusions here met that standard.  Petitioner now disputes several of the facts as described in the Report and Recommendation.  Petitioner does not dispute, however, that he signed the chain of custody form for the urine sample obtained from him or that the sample tested positive for marijuana.  Even acknowledging Petitioner's challenges to various factual findings in the Report & Recommendation, the chain of custody form and positive lab test are sufficient evidence to satisfy due process here.  (Though Petitioner alleges that prison officials waited longer than regulations permit in sending the urine sample to the lab for

testing, he does not allege that the delay rendered the test inaccurate).

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the Petitioner's objections, the Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 13] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petitioner's objections [docket entry no. 14] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Appeal [docket entry no. 15] is dismissed as premature because it was filed before this Court had ruled on Magistrate Judge Parker's Report and Recommendation. United States v. Cooper, 135 F.3d 960 (5th Cir. 1998). Should Petitioner wish to appeal this Court's final judgment (which will be entered concurrently with this Order), he should file a notice of appeal within 30 days of its entry. Fed. R. App. P. 4(a)(1).

**SO ORDERED**, this the 6th day of October 2010.

                                                 <u>s/ David Bramlette</u>
                                                 **UNITED STATES DISTRICT JUDGE**